UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>A. RIBERA, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01561-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS ACTION WITHOUT PREJUDICE<br><br>(Doc. 2)<br><br>14-DAY DEADLINE<br><br>Clerk of Court to Assign a District Judge |

Plaintiff Edward Vincent Ray, Jr., seeks to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. section 1915. (Doc. 2.) Because Plaintiff has three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that Plaintiff's motion be **DENIED**.

**I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. section 1915 governs proceedings *in forma pauperis*. The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. PLAINTIFF'S STRIKES

The Court takes judicial notice of three of Plaintiff's prior lawsuits that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim:[1] (1) *Ray v. Bruiniers*, Case No. 3:10-cv-00824-SI (N.D. Cal.) (dismissed on September 1, 2010, as frivolous and for failure to state a claim); (2) *Ray v. Friedlander*, Case No. 3:10-cv-01107-SI (N.D. Cal) (dismissed on September 1, 2010, as frivolous and for failure to state a claim); and (3) *Ray v. Schoo, et al.*, Case No. 5:10-cv-00942-VAP-PJW (C.D. Cal.) (dismissed on January 2, 2014, for failure to state a claim). Each of these cases was dismissed prior to Plaintiff initiating the current action on November 1, 2019. Plaintiff is therefore precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

In his complaint, Plaintiff alleges that he is "being poisoned … (slowly) … by the contaminated drinking water; the water he must shower in; the meals prepared in the water; [and] his clothes … being washed in the water." (Doc. 1 at 4.) He claims that he is in "'imminent danger of serious physical injury,' due to the 'lead, and/or coliform [b]acteria' at the [c]orrectional [i]nstitution (CCI) he is currently confined at." (*Id.*).

The Court finds that Plaintiff's allegations do not meet the imminent danger exception. As an initial matter, Plaintiff provides no basis for the allegation that the prison's water supply is contaminated or that he is being poisoned. Second, Plaintiff does not state how he has been placed in *imminent* danger of serious physical injury. Plaintiff cites *Helling v. McKinney*, 509 U.S. 25 (1993), to support his argument that the imminent danger exception applies here. (Doc. 1 at 4.) However, the *Helling* Court held that the plaintiff may pursue an Eighth Amendment claim by alleging that the defendants exposed him to tobacco smoke, which posed "an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35. The standard for IFP status, though, is not whether a plaintiff's *future* health may be at risk, but whether he is in *imminent* danger of serious injury. Plaintiff does not make that showing.

///

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), be **DENIED**; and,
2. This action be **DISMISSED** without prejudice to refiling upon prepayment of the filing fee.

The Clerk of the Court is **DIRECTED** to randomly assign a United States District Judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 8, 2019**                     /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE