# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>A. RIBERA, et al.,<br><br>Defendants. | Case No. 1:19-cv-01561-AWI-SKO (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>(Docs. 2, 4) |

Plaintiff Edward Vincent Ray, Jr., is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. section 1983. (Doc. 1.) This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. section 636(b)(1)(B) and Local Rule 302.

On November 12, 2019, the assigned magistrate judge filed findings and recommendations to deny Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), because Plaintiff has three "strikes" under 28 U.S.C. section 1915(g) and fails to show that he is in imminent danger of serious physical injury. (Doc. 4.) In finding that Plaintiff has three strikes, the magistrate judge took judicial notice of three of Plaintiff's prior cases that were dismissed on the grounds that they were frivolous and/or failed to state a claim: (1) *Ray v. Bruiniers*, Case No. 3:10-cv-00824-SI (N.D. Cal.) (dismissed on September 1, 2010, as frivolous and for failure to state a claim); (2) *Ray v. Friedlander*, Case No. 3:10-cv-01107-SI (N.D. Cal) (dismissed on September 1, 2010, as frivolous and for failure to state a claim); and (3) *Ray v. Schoo, et al.*, Case

| | |
|---|---|
| 1 | No. 5:10-cv-00942-VAP-PJW (C.D. Cal.) (dismissed on January 2, 2014, for failure to state a |
| 2 | claim). (Doc. 4 at 2.) |
| 3 | Plaintiff filed objections on November 20, 2019. (Doc. 5.) In his objections, Plaintiff |
| 4 | argues that *Ray v. Bruiniers* and *Ray v. Friedlander*, *supra*, should not count as strikes under |
| 5 | section 1915(g) because he "captioned [the cases] as 'criminal complaints'" and not as section |
| 6 | 1983 actions. (*Id.* at 2.) However, the fact that Plaintiff attempted to initiate criminal prosecutions |
| 7 | is precisely the reason these cases were dismissed as frivolous. *See Ray v. Bruiniers*, 2010 U.S. |
| 8 | Dist. LEXIS 148347, at *2 (N.D. Cal. Sep. 1, 2010), *and Ray v. Friedlander*, 2010 U.S. Dist. |
| 9 | LEXIS 97666, at *2 (N.D. Cal. Sep. 1, 2010). Thus, the dismissals of these cases count as strikes. |
| 10 | In addition, Plaintiff argues that the imminent danger exception of section 1915(g) should |
| 11 | apply. (Doc. 5 at 2.) In his complaint, Plaintiff alleges that he is "being poisoned, (slowly), by the |
| 12 | contaminated drinking water; the water he must shower in; the meals prepared in the water; [and] |
| 13 | his clothes … being washed in the water." (Doc. 1 at 4.) He claims that he is in "'imminent |
| 14 | danger of serious physical injury,' due to the 'lead, and/or Coliform Bacteria' at the Correctional |
| 15 | Institution (CCI) he is currently confined at." (*Id.*) |
| 16 | The magistrate judge found that the section 1915(g) exception does not apply because (1) |
| 17 | "Plaintiff provides no basis for the allegation that the prison's water supply is contaminated or |
| 18 | that he is being poisoned," and (2) "Plaintiff does not state how he has been placed in *imminent* |
| 19 | danger of serious physical injury." (Doc. 4 at 2 (emphasis added).) In his objections, Plaintiff |
| 20 | cites court cases for the proposition that subjecting a prisoner to contaminated water violates the |
| 21 | Eighth Amendment. (Doc. 5 at 2-3.) However, the Eight Amendment standard for cruel and |
| 22 | unusual punishment is different from the requirements for proceeding *in forma pauperis*. The |
| 23 | exception to the three-strikes bar is based not on whether an inmate's future health may be at risk, |
| 24 | but on whether he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). |
| 25 | Plaintiff does not make the requisite showing here. Plaintiff does not state that he has been injured |
| 26 | by the prison's water supply, and he provides no facts to support his conclusion that the prison's |
| 27 | water supply is contaminated such that he is in imminent danger. (*See* Doc. 1 at 5.) Thus, the |
| 28 | exception to the three-strikes bar does not apply. |

In accordance with the provisions of 28 U.S.C. section 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, the Court ORDERS:

1. The findings and recommendations filed on November 12, 2019, (Doc. 4) are ADOPTED in full;
2. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), is DENIED; and,
3. This action is DISMISSED without prejudice to refiling upon prepayment of the filing fee.

IT IS SO ORDERED.

Dated: December 13, 2019

SENIOR DISTRICT JUDGE